UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                                  Case No: 2:18-cv-178-FtM-99CM

RICK SCOTT, PAM BONDI and
STEPHEN B. RUSSELL,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is pro se Plaintiff Louis Matthew Clements' Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11). For the following reasons, the Court denies his motion because it does not meet the requirements of Federal Rule of Civil Procedure 65(b).

To best the Court can tell, Clements brings this action because he wants the Court to declare Florida Statute § 768.28, which addresses sovereign immunity, unconstitutional under 42 U.S.C. § 1983. (Doc. 1). He seeks this declaration to help win his appeal in Florida court. A few years ago, Clements sued state entities like the State of Florida Office of the Attorney General, Lee County Sherriff's Office, and Florida Department of Corrections for malicious prosecution. *See Clements v. State of Florida*, No. 16-CA-4523 (Fla. Cit. Ct.). The Twentieth Judicial Circuit in and for Lee County

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

largely dismissed his claims in part because of immunity under Fla. Stat. § 768.28. Clements has appealed the dismissal and is awaiting a decision. Consequently, Clements seeks an emergency temporary restraining order and preliminary injunction in this case because "[u]nless enjoined by this Court, Defendants will continue to enforce FL.S. § 768.28, specifically, FL.S. § 768.28(9)(a), putting Plaintiff's pending State Case (16-CA-004523/2D17-4961 [20th Judicial Circuit of Florida and Florida 2nd District Ct. of Appeals (ACTIVE)] in jeopardy of being lost because this unconstitutional FL statue [sic] is still active."[2] (Doc. 11 at ¶ 4).

Rule 65 governs requests for temporary restraining orders and preliminary injunctions. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B); *see also* Local Rule 4.05(b)(2) (stating a motion for temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavit, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible").

Even under the most liberal construction of Clements' motion, he has failed to meet the prerequisites for the exceptional remedy of a temporary restraining order. There is

---

[2] Clements also notes that he is waiting for the assigned Magistrate Judge to rule on his motion to appear *in forma pauperis* in this case, which he filed on March 16, 2018. (Doc. 11 at ¶ 3).

no affidavit that provides facts showing that Clements is in need of protection. Nor has he filed a verified complaint or given the certification needed under Rule 65(b)(1)(B). He also has not alleged, much less satisfied, the burden of proving that he has a substantial likelihood of success on the merits, which is a prerequisite to the grant of a temporary restraining order. *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011); see *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (listing the elements for a temporary restraining order). In addition, Clements has not shown that he faces a substantial threat of an immediate or irreparable injury from Defendants. Because both a substantial likelihood of success on the merits and irreparable injury are also prerequisites to a preliminary injunction, Clements' request for a preliminary injunction as an alternative relief fares no better than his request for a temporary restraining order. What is more, Clements has also not given any facts that show the "emergency" nature of his motion.

Accordingly, it is now

**ORDERED:**

Plaintiff Louis Matthew Clements' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of June 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record