UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

       Plaintiff,

v.                                              Case No: 2:18-cv-178-FtM-99CM

RICK SCOTT, PAM BONDI and
STEPHEN B. RUSSELL,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Motion to Transfer Venue filed on May 18, 2018, seeking to transfer the case to the Northern District of Florida, Tallahassee Division. Doc. 10.[2] For the reasons discussed herein, the Court recommends Plaintiff's motion be denied.

Motions to transfer venue are governed by 28 U.S.C. § 1404(a):

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. In order to expedite a final disposition of this matter, if Plaintiff has no objection to this Report and Recommendation, he promptly may file a notice of no objection.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

When determining whether to grant a motion to transfer venue, various convenience factors should be considered:

> Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Chigos v. Werner Co. (DE)*, No. 8:12-cv-01350-EAK-AEP, 2013 WL 2708458, at *2 (M.D. Fla. June 12, 2013) (quoting *Sterling v. Provident Life & Accidental Ins. Co.*, 519 F. Supp. 2d 1195, 1204 (M.D. Fla. 2007)). The movant has the burden to establish the transfer should be granted, weighing the convenience factors against the presumption in favor of Plaintiff's choice of forum. *See id.*; *see also Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012). The district court has broad discretion in determining whether to transfer a case to a different venue. *See Chigos*, 2013 WL 2708458, at *2.

Plaintiff filed his case in this district, and he states in his motion that "[v]enue of the present Court, Middle District of Florida[,] is proper." Doc. 10 at 1. Through the instant motion, however, he seeks to transfer the case to the Northern District of Florida, Tallahassee Division. *Id.* Plaintiff states he presumes Defendants Florida Governor Rick Scott, Florida Attorney General Pam Bondi, and State Attorney for the 20th Judicial Circuit of Florida Stephen Russell would "wholeheartedly agree to the change" based on convenience. *Id.* at 2. Plaintiff bases his request on the

presumption that he would not be expected to appear in Court. Id. Plaintiff asserts that if he would have to appear in Court, then "transfer of venue would not be proper as the distance to travel would be inconvenient for him."[3] Id. at 2. A required appearance in Court for pretrial conferences, hearings and trial is a reasonable certainty when pursuing litigation. Moreover, as noted above, Plaintiff acknowledges that venue in this district is proper. Id. at 1. Therefore, the Court recommends the motion be denied.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to Transfer Venue (Doc. 10) be **DENIED.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 15th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties

---

[3] Plaintiff's Affidavit of Indigency in this case indicates his residence is in Fort Myers, Florida. Doc. 2 at 2.